UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| John Raines and Tim McGough, as Trustees of the Carpenters & Joiners Welfare Fund and Twin City Carpenters Pension Master Trust Fund, John Raines and Rick Battis, as Trustees of the Twin City Floor Covering Industry Pension Fund, John Raines and Thomas Dykoff, as Trustees of the Carpenters and Joiners Apprenticeship and Journeymen Training Trust Fund, and John Raines and Rick Battis, as Trustees of the Twin City Floorcovering Industry Apprenticeship Training Fund, and each of their successors,<br><br>Plaintiffs,<br><br>vs.<br><br>Marlow Floor Covering, Inc. and Lauren Marlow, individually,<br><br>Defendants. | Civil File No. _____<br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br>**COMPLAINT** |

Plaintiffs, for their Complaint against Defendant Marlow Floor Covering and Lauren Marlow, individually, allege and state the following:

**IDENTITY OF PARTIES, JURISDICTION, VENUE**

1. Plaintiffs John Raines and Tim McGough, and any subsequently appointed successor, are Trustees of the Carpenters & Joiners Welfare Fund. The Fund is a multi-employer jointly-trusteed fringe benefit plan created and maintained pursuant to Section 302(c)(5) of the Labor Management Relations Act of 1947 ("LMRA"), as amended 29 U.S.C. § 186(c)(5). The Fund is administered in accordance with the provisions of the Employee Retirement Income Security Act of 1974, as amended 29 U.S.C. § 1001, et

4843-9851-9430.1

seq. ("ERISA"), and is exempt from federal income taxation pursuant to Internal Revenue Code Section 501(c)(9).

2.   Plaintiffs John Raines and Rick Battis, and any subsequently appointed successor, are Trustees of the Twin City Floor Covering Industry Pension Fund. The Fund is a multi-employer, jointly-trusteed fringe benefit plan created and maintained pursuant to Section 302(c)(5) of LMRA, 29 U.S.C. § 186(c)(5). The Fund is administered in accordance with the provisions of ERISA, and is exempt from federal income taxation pursuant to Internal Revenue Code § 401(a).

3.   Plaintiffs John Raines and Tim McGough, and any subsequently appointed successor, are Trustees of the Twin City Carpenters Pension Master Trust Fund. The Funds are a multi-employer, jointly-trusteed fringe benefit plans created and maintained pursuant to Section 302(c)(5) of LMRA, 29 U.S.C. § 186(c)(5). The Funds are administered in accordance with the provisions of ERISA, and is exempt from federal income taxation pursuant to Internal Revenue Code § 401(a).

4.   Plaintiffs John Raines and Thomas Dykoff, and any subsequently appointed successor, are Trustees of the Carpenters and Joiners Apprenticeship and Journeymen Training Trust Fund. The Carpenters and Joiners Apprenticeship and Journeymen Training Trust Fund is a multi-employer, jointly-trusteed fringe benefit plan created and maintained pursuant to Section 302(c)(6) of LMRA, 29 U.S.C. § 186(c)(6). The Fund is administered in accordance with the provisions of ERISA, and is exempt from federal income taxation pursuant to Internal Revenue Code § 501(c)(3).

5.   Plaintiffs John Raines and Rick Battis, and any subsequently appointed successor, are Trustees of the Twin City Floorcovering Industry Apprenticeship Training

Fund. The Twin City Floorcovering Industry Apprenticeship Training Fund is a multi-employer, jointly-trusteed fringe benefit plan created and maintained pursuant to Section 302(c)(6) of LMRA, 29 U.S.C. § 186(c)(6). The Fund is administered in accordance with the provisions of ERISA, and is exempt from federal income taxation pursuant to Internal Revenue Code § 501(c)(3).

6. Plaintiffs John Raines, and any subsequently appointed successor Trustees, are Trustees of the respective Funds and fiduciaries under ERISA § 3(21), 29 U.S.C. § 1002(21).

7. Defendant Marlow Floor Covering, Inc. (hereinafter "Defendant") is a business corporation registered in the State of Minnesota with an address of 8182 Arthur Street, Spring Lake Park, MN 55432. Defendant employs individuals, or did employ individuals at all times material hereto, in the construction industry and is therefore an employer within the meaning of Section (3)(5) of ERISA, 29 U.S.C. § 1002(5).

8. Defendant Lauren Marlow is an individual and an owner and/or officer of Marlow Floor Covering, Inc. He has agreed to be personally bound to the Plaintiffs for the fringe benefit contribution obligations referenced herein. Defendant Lauren Marlow is an employer within the meaning of Section (3)(5) of ERISA, 29 U.S.C. § 1002(5).

9. This is an action by the Plaintiff Trustees of the respective Funds named herein to collect unpaid fringe benefit contributions due pursuant to the terms of a collective bargaining agreement in accordance with ERISA §515, 29 U.S.C. §1145. Subject matter jurisdiction over this controversy is conferred upon this Court without regard to the amount in controversy by ERISA § 502(e)(1), 29 U.S.C. § 1132(e)(1); ERISA § 502(a)(3), 29 U.S.C. § 1132(a)(3); and ERISA § 515, 29 U.S.C. § 1145.

4843-9851-9430.1

10. The trust funds and plans for which the Plaintiffs are trustees, are administered in Hennepin County, Minnesota, therefore, venue is proper in this court pursuant to ERISA § 502(e)(2), 29 U.S.C. § 1132(e)(2).

## COUNT I
### Right to Audit - July 2017 to present

11. Plaintiffs re-allege and incorporate by reference herein, all preceding paragraphs.

12. On September 4, 2007, Defendant Marlow Floor Covering, Inc. and Defendant Lauren Marlow executed an Industry Agreement under which they agreed to be bound to a Collective Bargaining Agreement, the Minnesota Floorcovering Agreement with the Carpet, Linoleum, Resilient Tile Layers, Local Union #68 (f/k/a Local Union #596) of the North Central States Regional Council of Carpenters ("Union")(hereinafter "Local 68 CBA").

13. Pursuant to the Industry Agreement, Defendants agreed to be bound to the Local 68 CBA and under the terms of the Local 68 CBA it shall continue in full force and effect from year to year thereafter unless written notice of intention to terminate or modify the Local 68 CBA is made by either party, or until the CBA is terminated pursuant to its terms.

14. By signing the Industry Agreement, Defendant Lauren Marlow agreed to be personally liable and bound individually to guarantee the performance of the terms of the Local 68 CBA. To date, Defendant Laruen Marlow has never terminated this agreement.

15. The Local 68 CBA requires employers, such as Defendants, to make fringe benefit contributions to the Funds in accordance with its' terms. These contributions must

be made on behalf of all employees covered by the Local 68 CBA, in amounts set forth and agreed upon therein, for the purpose of funding employee benefits.

16. Pursuant to the terms of the Local 68 CBA, Defendants are required to complete a report form with the information as required by the Trustees, identifying each of its employees and each hour worked by that employee during the month performing covered service. The report is required to be submitted with the payment for the amounts due not later than the 10th day of the month following the month in which hours were worked. All fringe fund reports and contributions must be submitted to Wilson-McShane Corporation, 3001 Metro Drive, Suite 500, Bloomington, MN 55425, as the administrative agent designated by the Plaintiff Trustees.

17. The Local 68 CBA also requires Defendants to make available Marlow Floor Covering, Inc.'s employment and payroll records for examination and audit by the Trustees of the Plaintiffs, or their authorized agents, whenever such examination is deemed by the Trustees to be necessary to the proper administration of the Funds and in order to ascertain whether Defendants have properly complied with their fringe benefit contribution reporting and payment obligations.

18. Plaintiffs' agent requested that Defendant produce a complete set of all employment and payroll records for the period of July 2017 through December 2018 for the purpose of auditing Defendants' compliance with the terms of the CBA and compliance with Section 515 of ERISA. Plaintiffs have also been informed that Defendants has submitted incorrect or inaccurate reports, or no reports, for periods in which employees were working during this period.

4843-9851-9430.1

19. Plaintiffs are entitled to an audit for the period of July 2017 through December 2018 – or through the last date of work performed by Defendants' employees.

20. To date, Defendants have refused to allow an audit and has refused to produce the payroll, employment and business records requested by Plaintiffs' auditor.

21. Upon information and belief, there have been hours worked by Defendants' employees during the audit period (July 2017 through December 2018) for which fringe benefit contributions were not reported or remitted.

22. Unless Defendants are ordered to specifically perform the obligation to produce records and permit the audit, Plaintiffs will have no means of verifying the proper amounts due and owing to Plaintiffs, if any, nor will Plaintiffs have adequate means of ascertaining the proper allocation of such contributions to Defendants' employees. Therefore, in the absence of this court's order as requested, Plaintiffs are without adequate remedy at law and will be subject to irreparable harm.

23. In addition to the fringe benefit contributions due per the audit, ERISA § 502, 29 U.S.C. § 1132, provides for an award of interest on the unpaid contributions computed at a rate provided in 26 U.S.C. § 6621 or at the rate established by the plans, plus liquidated damages of 10% of delinquent contributions as provided for in the CBA and the Agreements and Declarations of Trust under which the trust funds for which Plaintiffs are Trustees are established.

24. The CBA and the Agreements and Declarations of Trust under which the trust funds for which Plaintiffs are Trustees are established, and ERISA § 502, 29 U.S.C. § 1132, entitle the Plaintiffs to their reasonable attorney fees and costs of this action, and any costs incurred in performing the audit.

4843-9851-9430.1

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs demand judgment of this Court against Defendants Marlow Floor Covering, Inc. and Lauren Marlow, joint and several, as follows:

1. A judgment ordering and adjudging that Defendant is required to produce for inspection and audit the following business records, for the audit period of July 2017 through December 2018:

    a. All payroll registers or journals;

    b. All time cards;

    c. All Internal Revenue 941 quarterly reports;

    d. All Form 1099s and 1096s;

    e. All Internal Revenue W-2 and W-3 forms (to the extent such forms are issued by the employer prior to the audit being completed);

    f. All payments to any individual for labor or services, regardless of whether the each Defendant classifies such individual as an employee or as a subcontractor;

    g. All cash disbursement reports or journals;

    h. All business checking account registers or journals;

    i. All checking account bank statements including copies of all checks issued from the accounts;

    j. All project records regarding hours employees have worked on projects for Defendants as requested by Plaintiffs or their administrative agent;

    k. All Minnesota quarterly unemployment reporting forms (MUTAs) and quarterly tax forms;

    l. All records identifying the type of work performed by each employee and individual who has performed services for each of the Defendant; and

    m. Any such additional records as are deemed necessary to the performance of such audit by representatives of Plaintiffs; that such production and inspection shall occur within ten (10) days of entry of this Court's Order

4843-9851-9430.1

requiring same at the premises of Wilson-McShane Corporation, 3001 Metro Drive, Suite 500, Bloomington, MN 55425.

2. A judgment against Defendants for all unpaid fringe benefit contributions and liquidated damages discovered to be due during the audit period of July 2017 through December 2018, plus all additional amounts to which the Plaintiffs are entitled, including an award of interest on the unpaid fringe benefit contributions through the date of the judgment or double interest if greater than the interest and liquidated damages.

3. An award of interest, liquidated damages and any other penalties available under ERISA §502(g).

4. An award or attorney's fees and costs incurred in pursuing this action, in accordance with the Local 68 CBA and ERISA §502(g), 29 U.S.C. 1132(g).

5. For an award of costs, disbursements according to law.

6. For such other and future relief as the Court deems proper.

Date: January 31, 2019.

**KUTAK ROCK LLP**

By: _____
Amanda R. Cefalu (#309436)
Andrew Shedlock (#0395655)
60 South Sixth Street, Suite 3400
Minneapolis, MN 55402-4400
PH: 612-334-5000
amanda.cefalu@kutakrock.com
andrew.shedlock@kutakrock.com

*Attorneys for Plaintiffs*